**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
JOHNSTOWN DIVISION**

|  |  |  |
|---|---|---|
| ANDREW DEONARINE, | ) ) ) | |
| Petitioner, | ) ) ) | Civil Action No. 3:25-cv-00081 |
| vs. | ) ) ) | United States Magistrate Judge Christopher B. Brown |
| LEONARD ODDO, IN HIS OFFICIAL CAPACITY AS WARDEN OF MOSHANNON VALLEY DETENTION CENTER; BRIAN MCSHANE, IN HIS OFFICIAL CAPACITY AS ACTION FIELD OFFICER OF IMMIGRATION AND CUSTOMS ENFORCEMENT, ENFORCEMENT AND REMOVAL OPERATIONS PHILADELPHIA FIELD OFFICE; KRISTI NOEM, IN HER OFFICIAL CAPACITY AS SECRETARY OF THE DEPARTMENT OF HOMELAND SECURITY; AND PAM BONDI, IN HER OFFICIAL CAPACITY AS ATTORNEY GENERAL OF THE UNITED STATES; | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Respondents. | ) ) ) | |

**MEMORANDUM OPINION GRANTING PETITION FOR
WRIT OF HABEAS CORRPUS, ECF NO. 4**

**Christopher B. Brown, United States Magistrate Judge**

Pending before the Court[1] is the Petition for a Writ of Habeas Corpus under

28 U.S.C. § 2241 filed by petitioner Andrew Deonarine ("Deonarine"). Deonarine, a

lawful permanent resident of the United States, is a native and citizen of Suriname.

---

[1]     All parties have consented to full jurisdiction before a United States Magistrate Judge, including entry of a final judgment, pursuant to 28 U.S.C. § 636(c). *See* ECF Nos. 9 and 13.

He has been detained in the custody of the United States Immigration and Customs Enforcement ("ICE") since November 9, 2023. He is currently housed in Moshannon Valley Processing Center ("MVPC") in Phillipsburg, PA. With this Petition, he seeks the Court to assume jurisdiction, grant a writ of habeas corpus ordering Respondents to provide him with an individualized bond hearing before a neutral arbiter, order the immigration judge to consider alternatives to detention and Deonarine's ability to pay a monetary bond, or, in the alternative, order Respondents to release him from detention. ECF No. 4 at 19-20.

The Government responded on behalf of Brian McShane, Acting Field Director of ICE Enforcement and Removal Operations ("ERO") of the Philadelphia Field Office; Kristi Noem, Secretary of the Department of Homeland Security ("DHS"), and Pam Bondi, Attorney General of the United States. ECF No. 11.[2] Respondents argue the Petition should be dismissed as (i) the Court lacks jurisdiction to consider any challenge to Deonarine's mandatory detention status and (ii) to the extent Deonarine is requesting a bond hearing, his detention has not been unduly prolonged or unreasonable.

For the reasons below, the Court will grant the Petition. Although this Court will not order Deonarine's immediate release, it will direct that he be provided a prompt bond hearing.

---

[2]     In its Response, the Government states: "The undersigned does not represent Leonard Oddo, Warden of the Moshannon Valley Processing Center, as Moshannon is a private facility and Warden Oddo is not a federal employee. However, all arguments made on behalf of the other Respondents apply to Warden Oddo, as he is detaining the petitioner at the request of the United States." (ECF No. 11 at 1 n.1).

## I.    Factual Background

On March 25, 2021, Deonarine pled guilty to sexual assault in the second degree in the Connecticut Superior Court. ECF No. 11-2 at 2-3. He was sentenced to a term of ten years' incarceration with all but fifteen months suspended and ten years' probation. *Id.* at 3. Removal proceedings were initiated and on September 24, 2024, an Immigration Judge found Deonarine removable under 8 U.S.C. §§ 1101(a)(43) and 1227(a)(2)(A)(iii), as Deonarine's "conviction constituted an aggravated felony sexual abuse of a minor because it required intentional sexual abuse with a victim under the age of sixteen." ECF No. 11-2 at 5. Deonarine is being detained pursuant to 8 U.S.C. § 1226(c), which mandates detention for certain classes of aliens during removal proceedings, including those who have been convicted of sexually abusing children.

On March 18, 2025, Deonarine filed this petition for writ of habeas corpus contending, among other things, that his continued detention without a bond hearing violates his due process rights. ECF No. 4.

## II.    Jurisdiction

Federal courts have jurisdiction to hear habeas corpus petitions from alien detainees who claim their civil detention violates the "Constitution or laws . . . of the United States[.]"  28 U.S.C. § 2241; *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001). Although the Immigration and Nationality Act ("INA") precludes judicial review of the executive branch's discretionary judgment that an alien is subject to mandatory detention under 8 U.S.C. § 1226(c), *see* 8 U.S.C. § 1226(e), federal district courts retain jurisdiction over habeas petitions that raise constitutional challenges to that

detention. *Demore v. Kim*, 538 U.S. 510, 517 (2003). And the Court of Appeals for the Third Circuit has held the Fifth Amendment Due Process Clause entitles alien detainees to an individualized bond hearing when, "[a]t a certain point, continued detention becomes unreasonable." *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 232 (3d Cir. 2011). In *German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203, 211 (3d Cir. 2020), the Court of Appeals enumerated a "nonexhaustive list of four factors to consider in assessing whether an alien's detention has grown unreasonable." The first and "most important factor is the duration of detention," followed by the likelihood of continued detention and the reasons for the delay, including "whether either party made careless or bad-faith 'errors in the proceedings that cause[d] unnecessary delay.'" *Id.* (quoting *Diop*, 656 F.3d at 234). Finally, courts ask "whether the alien's conditions of confinement are 'meaningfully different[ ]' from criminal punishment." *Id.* (quoting *Chavez-Alvarez v. Warden York Cnty. Prison*, 783 F.3d 469, 478 (3d Cir. 2015)).

## III.    Analysis

Deonarine argues the *German Santos* factors support his request for an individualized bond hearing. The Government disagrees. ECF No. 11. The Court finds Deonarine is entitled to a bond hearing under *German Santos*.

To begin, the first and most important factor – the length of detention – weighs in his favor. Deonarine has been held in ICE custody without a bond hearing for over twenty months, since November 9, 2023. Although there is no "bright-line threshold" for when detention becomes unreasonable, an alien's

"detention 'becomes more and more suspect' after five months.'" *German Santos*, 965 F.3d at 211 (quoting *Diop*, 656 F.3d at 234).  The Court of Appeals for the Third Circuit has ordered bond hearings after a six-month-to-one-year detention period in *Chavez-Alvarez*, 783 F.3d at 477, after two-and-a-half years of detention in *German Santos*, 965 F.3d at 211, and after thirty-five months of detention in *Diop*, 656 F.3d at 226.  And district courts in this circuit have ordered bond hearings where the length of detention was comparable to Deonarine's.  *See, e.g., Grigoryan v. Jamison*, No. 25-1389, 2025 WL 1257693, at *5 (E.D. Pa. Apr. 30, 2025) (17 months); *Akhmadjanov v. Oddo*, No. 3:25-35, 2025 WL 660663, at *4 (W.D. Pa. Feb. 28, 2025) (17 months); *Abioye v. Oddo*, No. 3:23-cv-0251, 2024 WL 4304738, at *6 (W.D. Pa. Sept. 26, 2024) (16 months); *Malede v. Lowe*, No. 1:22-CV-1031, 2022 WL 3084304, at *5–6 (M.D. Pa. Aug. 3, 2022) (18 months); *Dominic A. v. Anderson*, No. 20-2420, 2020 WL 6636362, at *3 (D.N.J. Nov. 12, 2020) (20 months); *Orozco Arroyo v. Doll*, No. 4:19-CV-490, 2019 WL 6130483, at *1 (M.D. Pa. Nov. 19, 2019) (adopting R&R) (16 months).

The second factor – the likelihood of continued detention – weighs slightly in favor of Deonarine.  The Court notes an order of removal was entered on April 15, 2025. ECF No. 11-3.  An appeal would be due thirty days after, or on or before May 15, 2025, and appears Deonarine reserved the right to appeal.  *Id.* at 5.  It is unclear from the record before the Court whether an appeal was filed.  The ICE locator reflects that Deonarine remains in ICE custody at MVPC.  *See* https://locator.ice.gov/odls/#/results (last viewed 7/11/2025).

The third factor – the reasons for the delay – is neutral.  Deonarine

acknowledges he has received continuances in his immigration proceedings for

several reasons. ECF No. 4 at 15.  That said, district courts should "not hold an

alien's good-faith challenge to his removal against him, even if his appeals or

applications for relief have drawn out the proceedings." *German Santos,* 965 F.3d

at 211.  Deonarine has presented no evidence of the "kind of careless or bad-faith

mishaps that we hold against the Government." *Id.* at 212 ("Absent carelessness or

bad faith, we will not scrutinize the merits of immigration proceedings and blame

whichever party has the weaker hand.").

The fourth and final factor – whether the conditions of Deonarine's

confinement are "meaningfully different" from criminal punishment – favors

Deonarine.  Deonarine asserts he has experienced carceral conditions, such as fewer

phone privileges and very limited access to outside grounds. ECF No. 4 at 17.  The

Government responds Deonarine is "housed in a privately owned and operated

facility that houses only immigration detainees . . . [and] these detainees have

access to telephone and video call capabilities." ECF No. 11 at 9-10.

Several district court judges in this circuit have found the conditions at

MVPC are "penal in character." *Rivas v. Oddo*, No. 22-223, 2023 WL 4361140, at *1

(W.D. Pa. June 27, 2023); *see also, e.g.*, *Morgan v. Oddo*, No. 3:24-221, 2025 WL

1134979, at *4–5 (W.D. Pa. Apr. 17, 2025); *Akhmadjanov*, 2025 WL 660663, at *5;

*Michelin v. Oddo*, No. 3:23-cv-22, 2023 WL 5044929, at *7 (W.D. Pa. Aug. 8, 2023),

*reconsideration denied in part*, 2023 WL 5672278 (W.D. Pa. Sept. 1, 2023), *appeal*

*dismissed sub nom. Michelin v. Warden Moshannon Valley Corr. Ctr.*, No. 23-2966, 2024 WL 1904350 (3d Cir. Feb. 2, 2024). Accordingly, this factor weighs slightly in favor of Deonarine.

In sum, three factors – the duration of detention, the likelihood of continued detention, and the detainee's conditions of confinement – weigh in favor of Deonarine, and one factor – the reasons for the delay – is neutral.

## III.     Conclusion

Deonarine has been detained for over twenty months, "an unreasonably long time, and there is no end in sight." *German Santos*, 965 F.3d at 213. Therefore, the Due Process Clause entitles him to an individualized bond hearing before an immigration judge at which the Government must prove by clear and convincing evidence that, if released, Deonarine would pose a danger to the community or a flight. *Id.* at 21. Any other relief requested by Deonarine in his Petition, such as immediate release, is denied. An appropriate Order follows.

DATED this 11th day of July, 2025.

BY THE COURT:

s/Christopher B. Brown
Christopher B. Brown
United States Magistrate Judge

cc:    ANDREW DEONARINE
       A214041442
       MOSHANNON VALLEY PROCESSING CENTER
       555 GEO DRIVE
       PHILIPSBURG, PA 16866
       (via U.S. First Class Mail)


       Michael Leo Ivory
       United States Attorney's Office
       (via ECF electronic notification)